UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUGUSTUS WILLIAMS                                          CIVIL ACTION

VERSUS                                                     NO: 05-3952

MICHAEL J. ASTRUE,                                         SECTION: "F" (4)
COMMISSIONER OF SOCIAL SECURITY

**REPORT AND RECOMMENDATION**

**I.   Introduction**

This action seeks judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 of the United States Code § 405(g).  The Commissioner denied Augustus Williams's application for Supplemental Security Income Benefits filed pursuant to Social Security Act.  *See*  42 U.S.C. § 1382 et. seq.

On  December 12, 2006 the undersigned issued an Report and Recommendation.  Williams objected to the recommendation and the District Judged remanded the matter on March 14, 2007 for consideration of whether the ALJ applied the correct legal standard in its severity determination. (*See* Rec. Doc. No. 27).  Upon  further review of the matter, the undersigned hereby rescinds the December 12, 2006 Report and Recommendation and substitutes this Report and Recommendation in its place.

## II.     Factual and Procedural Summary

Williams filed an application for Supplemental Security Income Benefits under Title XVI of the Social Security Act alleging that he was disabled from urological problems and a mild herniated disc at the L5-S1 level. (Tr.100, 108, 116 ). He contends that his disability began on January 1, 1998. (Tr. 49).  At the administrative level, he received an unfavorable decision and requested a review by the Appeals Council.  The Appeals Council denied his request on July 1, 2005, and he now seeks review before this Court.  (Tr. 4-6)

On appeal, Williams contends that the ALJ's opinion is not based upon substantial evidence because the ALJ failed to conclude that his low back pain is "severe" at step two of the evaluation process and improperly injected the issue of treatment into this step.  He further contends that the ALJ misapplied the governing regulations because the ALJ failed to consider Williams's objectively documented medical evidence for his urological condition and therefore the ALJ's opinion is not based on substantial evidence.  Finally, Williams contends that the matter should be remanded for further administrative review because the ALJ failed to obtain a post-hearing urological consultative opinion.

## III.    Standard of Review

### A.     Statutory and Regulatory Framework

To receive disability benefits, a claimant must be "disabled" as defined by the Social Security Act. *See* 42 U.S.C. § 423(a)(1)(D), 42 U.S.C. § 1382(a). An individual is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §

423(d)(1)(A); *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3).; *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983).

The Social Security Regulations delineate a five-step process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ considers whether the claimant is presently employed or "engaged in substantial gainful activity." 20 C.F.R. 404.1520(b). If he or she is, the claimant is found not disabled, and the evaluation process is over. If he or she is not presently employed or otherwise engaged in substantial gainful activity, the ALJ moves to the second step to determine whether the claimant has a severe impairment or combination of impairments which "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

At the third step, the ALJ determines whether the severe impairment(s) match or equal any of the impairments listed in the regulations found at 20 C.F.R. pt. 404, subpt. P, app. 1. *See* 20 C.F.R. § 404.1520(d). If it does, then the impairment is presumed to be severe enough to preclude any gainful activity and is acknowledged by the Commissioner as conclusively disabling. *Id.* However, if the impairment does not qualify under the listings, the evaluation proceeds to the fourth and fifth steps.

At the fourth step, the ALJ reviews the claimant's "residual functional capacity" ("RFC") and the physical and mental demands of his past work. *See* 20 C.F.R. § 404.1520(e). RFC is a measure of what an individual can do despite the limitations imposed by his impairments. *See* 20 C.F.R. §

404.1545(a); 20 C.F.R. § 416.945(a).  If the claimant can perform his past work, he is not disabled and the evaluation ends.  *See* 20 C.F.R. § 404.1520(e).

The claimant bears the burden of proof on the first four steps.  *See Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).  However, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner for the fifth step.  *Id.*  At the fifth step, an application for disability benefits cannot be denied unless the Commissioner establishes that the claimant - in light of his age, education, job experience and functional capacity to work - is capable of performing other work and that such work exists in the national economy.  20 C.F.R. § 404.1520(f).

**B.** **Role of the Court**

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether:  (1) the final decision is supported by substantial evidence; and (2) whether the Commissioner applied the proper legal standards when evaluating the evidence.  *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).  The Court may not re-weigh the evidence, try issues *de novo,* or substitute its judgment for that of the Secretary.  *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981).  If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.  *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion.  It is more than a mere scintilla and less than a preponderance."  *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995).  It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."  *Payne v. Weinberger*, 480 F.2d

1006, 1007 (5th Cir. 1973).

A single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence.  Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence offered by treating physicians.  *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

Finally, the Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnosis and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history."  *Hendricks v. Apfel*, CIV.A.99-1212, 2000 WL 174884, at *3 (E.D. La. Feb. 14, 2000) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

### IV.     Application of the wrong standard at step two

Williams contends that the ALJ erred when he concluded that Williams's back condition was not severe.  (Pl. Br. at 7).  He contends that the ALJ improperly injected the issue of treatment into the second step of the analytical process which should not be done until the third step.  He further contends that the ALJ incorrectly applied the standard set forth in 20 CFR §416.920, in light of the Fifth Circuit's holding in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1984), such that the ALJ committed reversible error.

The Commissioner contends that the ALJ properly considered Williams's alleged back impairment and correctly concluded that his back problem was not severe.  (Def. Br. at 3).  He further contends that to the extent the ALJ erred in his non-severity analysis, any error was harmless.

An impairment is considered "not severe" if it is a slight abnormality that causes no more than minimal limitations in the individual's ability to function independently, appropriately, and

effectively in an age-appropriate manner. *See* Titles II and XVI: Medical Impairments That Are Not Severe, SSR 85-28 (1985). In order to be found disabled, an individual must have a medically determinable "severe" physical or mental impairment or combination of impairments that meets the duration requirement. *Id.* At step two of the sequential evaluation process, an impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities. *Id.* An impairment is considered "not severe" if the impairment is a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. *Id*; *see also Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1984).

The record shows that the ALJ applied the first standard appropriately by determining whether or not the claimant was involved in substantial gainful activity. He found that Williams had not engaged in substantial gainful activity since the alleged onset date. (Tr. 22).

The second step, the application of which is challenged here, requires the factfinder to decide whether a claimant's impairment is severe, irrespective of age, education, or work experience. 20 CFR § 404.1520(c). It is at step two of the analysis that the ALJ determined that Williams was not disabled. The ALJ cited the standard at step two to as follows:

> A medically determinable impairment or combination of impairments is severe if it significantly limits and individual's physical or mental ability to do basic work activities (20 CFR § 416.921).

(Tr. 22).

In applying the referenced standard, the ALJ looked at the medical evidence and found that the claimant was not receiving medical treatment nor was he taking medication for his back condition. *Id.* He found that the claimant was not compliant with medications associated with his

complaint of back pain and that he needed surgery by orthopedic surgeons and neurosurgeons but never submitted. *Id.* The ALJ therefore held that Williams's alleged recurrent low back pain is non-severe. *Id.*

However, the Fifth Circuit in *Stone v. Heckler*, construed the standard at step two for determining whether a claimant's impairment is severe as follows:

> an impairment can be considered as not severe *only* if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

752 F.2d at 1101 (emphasis added). Here, the ALJ did not consider, as required by *Stone,* whether Williams's back condition was more than a slight abnormality such that it would be considered a severe impairment. Further the ALJ's determination was made without regard to Williams's ability to perform substantial gainful activity despite the presence of lumbar disc disease of the L5-S1 disc.

The undersigned further notes that the Fifth Circuit has instructed lower courts to remand to the Secretary for reconsideration when, as here, the ALJ and the Appeals Council applied an incorrect standard to the severity requirement. As demonstrated by the administrative opinion, the ALJ failed to set forth the correct standard, failed to reference *Stone v. Heckler*, and failed to follow the Fifth Circuit's construction given to 20 C.F.R. § 404.1529(c).

Accordingly, after reconsidering the matter, the Court finds that the ALJ's opinion that Williams is not disabled is not based upon substantial evidence as he applied the wrong standard at step two of his analysis. In light of the recommendation to remand, this Court does not reach the issue of whether a urological consult is needed.

## V.     Recommendation

The Court therefore finds that the ALJ applied the wrong standard at step two of his analysis such that the matter should be remanded for reconsideration of the standard set forth in *Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1984).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana this 17th day of August 2007

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**